UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA HAGANS                                          CIVIL ACTION

VERSUS                                                 NO. 11-247

WAL-MART STORES, INC., ET AL                           SECTION "C" (4)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the

jurisdictional amount existed at the time of removal and plaintiff's motion to remand.

Having reviewed the record, the memoranda of counsel and the law, the Court has

determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns an alleged personal injury sustained at

defendant's store in Hammond, Louisiana.   This matter was removed on the basis of

diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart

Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are

insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores

A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia,

1

S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth

Circuit advises the district courts that they should review their subject matter

jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th

Cir. 1999).  In order to remain in federal court, the removing parties must prove by a

preponderance of the evidence that the jurisdictional minimum exists. Id.  This

showing may be made by either: (1) demonstrating that it is facially apparent that the

claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

        The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet its burden.  It presents no affirmative proof of the jurisdictional

minimum.   Instead, the plaintiff presents medical bills that appear to total

approximately $2,500.00, and states that the claim does not exceed the jurisdictional

minimum nor the amount required for a jury trial in Louisiana courts.  Even if the

plaintiff did not include a statement in her petition that the federal jurisdictional

minimum is lacking pursuant to La. Code Civ. P. 893 A.(1),  the Court finds that the

record does not support a finding that this Court had subject matter jurisdiction.    The

Court has consistently recognized that even if a statement that the minimum amount is

not present is not "binding" for purposes of La. Code Civ. P. art. 862 under the

reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J.

Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present

purposes.

Based on the record and the law, the Court finds that the defendant has not

established subject matter jurisdiction.  In addition, the Court is mindful that removal

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 21st Judicial District Court

3

for the Parish of Tangipahoa,  State of Louisiana, for lack of jurisdiction under 28 U.S.C.

§ 1447(c).

New Orleans, Louisiana, this 17th  day of March, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE